Tayuor, Chief-Justice,
 

 delivered the opinion of the Court:
 

 Several questions have been raised in this case, but there are two only, on which it is necessary to give an opinion. These are, 1st. Whether the United States are entitled to a priority in the payment of the debt due to them, under the act of Congress of 3d March, 1797 5 2d. Whether they have gained a lien on the land of Clayton under the act of Congress of the 11th July, 1798, ch. 88, sec. 15, by commencing a suit against him for their debt.
 

 The first act of Congress establishes a priority for the
 
 United
 
 States, «’here the debtor becomes insolvent, where the estate of a deceased debtor in the hands of executors or administrators, shall be insufficient to pay all the debts due from the deceased, and the priority is extended to cases in which a debtor, not having sufficient property to pay all his debts, shall make a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed or absent debtor, shall be attached by process of law, as well as to cases in which an act of legal bankruptcy shall be declared. No construction has hitherto been given to this act, wbich invests the priority it creates, with the character of a lien, so as to bind the debtor’s property from the time he contracts the debt. Wherever the right exists in the United States, it must be upon proof that their, debtor comes within some one of the descriptions of. the act: that he has become insolvent; that the estate of a deceased debtor is insufficient to pay all his debts; that he has made a voluntary assignment of his property, not having sufficient to pay all his debts; or where the estate and effects of an absconding, concealed or absent debtor, shall be attached. That Clayton became indebted to the United States, and that land belonging to him was
 
 *500
 
 gold under execution to satisfy their debt, is all the infor-¡nation the record discloses touching’ his circumstances. There is no averment of his insolvency, nor any other legal foundation for the priority, and it cannot consequently be presumed to exist.
 

 2d. The act of Congress of July, 1798, makes the amount of debts due to the United Stales a lien upon the real estate of the collector, from the time suit shall be instituted for recovering the same $ and it provides, that, for want of goods and
 
 chattels to
 
 satisfy the judgment, the, land shall be sold. It is evident, from the law, that the lien is qualified and contingent, and subjects the lands to be sold only in those cases, where the debtor has not personal estate. If, after suit brought by the United States against their debtor, any person purchases his land from him, or under an execution against him, the purchaser acquires it, subject to a lien, which shall divest him of it in favor of a purchaser under the United States, who can prove that, when he bought the land, the debtor bad not personal property sufficient to pay the debt. But if this proof be not made, the lien had not such an existence as authorised the sale of the land under it. On this material point the record is silent in respect to Clayton. The solvency of his sureties can have no influence upon this question.
 

 As it seems clear that the Defendant can claim no title by virtue of the priority of the United States, or of their lien, it is unnecessary to examine the other objections made to the regularity of the execution. A new trial must be awarded.